## COMMONWEALTH *vs.* EDWARD FITZGERALD.

Upon the trial of a complaint for unlawfully keeping intoxicating liquors with intent to sell, a witness for the Commonwealth testified that on one occasion, when the defendant was absent, while a woman was tending the bar in the defendant's shop, a man took a bottle from the bar and put it in his basket, and the woman at the same time took a piece of money from the bar; and the court submitted this testimony to the jury with other evidence that liquors were kept in the shop, and were kept there for sale; and instructed them that if the woman was there by the defendant's authority, they might consider the testimony of the witness; otherwise, they should reject it. *Held,* that the defendant had no ground of exception.

A complaint to the police court of Chicopee, the special justice of which is authorized by law to act only " in case of the absence, sickness, interest or other disability of the standing justice," was certified simply by " J. S., special justice "; but the warrant issued on the same day, annexed to the complaint, was attested by " J. S., special justice, the standing justice being absent from the town of Chicopee and unable to attend," and the record of the conviction before the police court on the same day was certified in like manner. *Held,* that it sufficiently appeared that the special justice was authorized to act in the case.

COMPLAINT on *St.* 1855, *c.* 215, § 24, for unlawfully keeping intoxicating liquors with intent to sell in this commonwealth

The complaint was made to the police court of Chicopee, and annexed to it was a certificate that it was received, subscribed and sworn to on the 29th of July 1858, "before said court.

"George S. Taylor, Special Justice."

The warrant issued thereon commanded the officer to summon the defendant to answer to the Commonwealth "on the foregoing complaint this day made," and concluded thus:

"Witness George S. Taylor, Esquire, special justice of said court, at said Chicopee, this twenty ninth day of July, in the year of our Lord one thousand eight hundred and fifty eight.

"George S. Taylor, Special Justice, the standing justice being absent from the town of Chicopee and unable to attend."

The defendant was tried and convicted before the police court on the same day. The record of the proceedings in that court (in which the substance of the complaint was stated and the complaint referred to as on file) was certified like the warrant. The defendant appealed to December term 1858 of the court of common pleas for Hampden, and was there tried before *Aiken,* J., who signed this bill of exceptions:

"Upon trial the Commonwealth's witnesses stated that they went to a shop in Chicopee, admitted to have been kept by the defendant, and the defendant was absent, and was not present at any time while they were there; that they searched the shop and took away various liquors. As tending to show a sale at the defendant's shop, one of the Commonwealth's witnesses testified that while at the defendant's shop upon said occasion, and before the search, an old woman was tending bar (who she was or how she came there, or under what circumstances or by whose authority she was there did not in any manner or at any time appear,) that a man named Harvey Chapman took a bottle off the bar, and put it in a basket he had there, and the woman took a twenty-five cent piece from the same bar at the same time. To this evidence the defendant objected at the proper time. But the court admitted the same; and instructed the jury that if the woman tending bar was there by authority of the defendant, and was authorized by him to sell liquor there, they might consider this evidence as bearing upon the issue; other-

wise, they should reject this evidence altogether. There was other evidence tending to show that the liquor found there was kept for sale by the defendant. The jury found the defendant guilty, and he excepts to the foregoing rulings and instructions of the court."

The defendant also moved in arrest of judgment, " because the complaint is subscribed by the special justice of the police court of the town of Chicopee, without its appearing that there was any or sufficient cause for his acting in the matter." The judge overruled the motion, and the defendant excepted to this ruling also.

*G. M. Stearns,* for the defendant. 1. The facts disclosed by the witness did not show a sale, and were too uncertain and inconclusive to be submitted to the jury. The exceptions negative that the woman was proved to be acting by authority of the defendant; her acts therefore were improperly admitted in evidence. *Commonwealth* v. *Putnam,* 4 Gray, 16. This objection is not obviated by the instructions of the judge that the jury were not to consider the evidence unless she was acting by the defendant's authority, as the exceptions expressly find there was no evidence upon which the jury could find authority to exist. *Commonwealth* v. *Packard,* 5 Gray, 101. *Commonwealth* v. *Desmond,* 5 Gray, 80. *Chase* v. *Breed,* 5 Gray, 440.

2. By the act establishing the police court of Chicopee, power to act is given to the special justice only " in case of the absence, sickness, interest or any other disability of the standing justice." A special justice, therefore, has no jurisdiction except in those cases. *St.* 1855, *c.* 463, § 8. The record should show such a case to exist. *Commonwealth* v. *Adams,* 6 Gray, 359 The addition of the signature of the special justice is not sufficient. Besides, the want of such a statement at the time of receiving the complaint cannot be aided by a reference to another part of the record. *Commonwealth* v. *Hutton,* 5 Gray, 89.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

DEWEY, J. The evidence of the acts in reference to the delivery of a bottle from the bar of the defendant by a woman, in the absence of the defendant, were competent evidence to be

submitted to the jury, in connection with other evidence in the case. The facts that liquors were kept there, that she was tending bar for the defendant, and that there was other testimony tending to show that the liquor found there was kept for sale by the defendant, were proper circumstances to be considered by the jury. The instruction was properly guarded as to the necessity of the jury finding that the woman was there by the authority of the defendant and was acting as his agent in making the sale.

The further question arises upon a motion in arrest of judgment, alleging a defect in the record in reference to the authority of the special justice of the police court to act in the case. It is said that by the act establishing the police court of Chicopee, power to act is given to the special justice only in case " of the absence, sickness, interest or any other disability of the standing justice," and that the record should show such a case to exist. If it be necessary that this fact appear on the record of the particular case in which such special justice acts, it does thus appear in the present case. The complaint and warrant are connected, bearing the same date, and the warrant requiring the arrest of the defendant " to answer to the foregoing complaint this day made," and to this is appended the certificate " the standing justice being absent from the town of Chicopee and unable to attend." This fact is again certified in the record of the case, reciting the proceedings at the hearing of the case on the same day. *Exceptions overruled*